### Stetson *versus* Howe.

If a surety, who has become accountable to his principal to pay the debt, send his own money therefor, by the debtor, to the officer who holds a precept upon the demand, and the officer misappropriate the money, the surety, after having paid the debt to the creditor, may maintain assumpsit against the officer, and without a special demand, although the officer, when he received the money, was not notified to whom it belonged.

Assumpsit for money had and received.   The evidence tended to show the following facts.

Moses Call had a note against Knowlton, as principal, and the present plaintiff, as surety.   The note was sued, and the writ was placed in the hands of this defendant, then a deputy sheriff.   Knowlton had made a contract with his said surety to assume and to pay the debt, as the surety's own debt.   The surety, this plaintiff, sent the money by Knowlton, in bank bills, to pay the note, and Knowlton accordingly paid it to Howe, but without disclosing that the money belonged to Stetson, or was sent by him.   Howe never paid over the money to Call.   After some years, Stetson paid the note to Call, and now brings this suit to recover of Howe, the money which he had sent to him by Knowlton.   The defendant alleges that when the bills were brought to him, he attached them upon the writ against both defendants.   And he produced the writ, with such a return upon it.   That action was never entered, nor was the writ returned to the court.

The jury were instructed to ascertain to whom the bills belonged, which were paid to Howe; and that, if they belonged to the plaintiff, he was entitled to recover in this action, although no demand had been made by him upon Howe for the same, and no notice given to him, that the plaintiff made a claim thereto.

The verdict was for the plaintiff, and the defendant excepted.

*Lowell*, for the defendant.

Bank bills are attachable upon a writ. 1 Cranch, 103; 16 Pick. 569; 17 Pick. 463; 18 Maine, 178.

Knowlton, and not Stetson, was debtor to Call. No arrangement between them, to which neither Call nor Howe was a party, could change that relation.

In legal contemplation, the money paid was the debtor's money; and, if it were misapplied, he only could bring the suit for it. Knowlton, the debtor, handed the money to the defendant. And if it was taken in payment, it went to pay his own debt. There was nothing to indicate to Howe, that it was not Knowlton's money. There was, therefore, no privity between Stetson and Howe, and the law would imply none. Howe, if he had known by whom the money was sent, could consider the plaintiff as paying only as agent for Knowlton.

The action would be less at variance with legal principles, if the suit were brought by Knowlton. He is the party in interest. Stetson, if he recover, will only hold as trustee for him.

At any rate, a notice to defendant of plaintiff's claim was indispensable. Having attached the bills, he might hold them till notified the action had not been entered, or was ended.

But in fact, the suit, if any, should have been brought jointly by Knowlton and Stetson. Again, the action ought to have been in tort, and not in assumpsit.

*Ruggles*, for plaintiff.

HOWARD, J., orally, — The reported evidence shows, that the debt was originally due from Knowlton, and that he had

procured the plaintiff to become accountable to pay it. The jury were instructed to ascertain to whom the money belonged, which the defendant received. They found it was Stetson's. The defendant had misappropriated it, and Stetson, under his contract with Knowlton, had to pay the amount a second time. We see no error in the instructions as to the plaintiff's right to reclaim it from the defendant. No demand previous to the suit was necessary.

It is alleged, that the bills were attached. But the defendant fails to show that the attachment was perfected.

The writ does not appear to have been returned. That ground of defence is therefore unsupported. We are all satisfied that the instructions were correct.

*Exceptions overruled.*